IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MARCO RAMIREZ,

    Plaintiff,

  v.

COUNTY OF MARIN, WILLIAM BURKE, MICHAEL DALY, and DOES 1 through 50, inclusive,

    Defendants.

No. C 10-02889 WHA

**ORDER PARTIALLY GRANTING MOTION TO COMPEL COMPLIANCE WITH SUBPOENA AND VACATING HEARING**

## INTRODUCTION

In this employment-discrimination and retaliation action, plaintiff seeks to enforce a subpoena against a third-party witness and to recover the costs of bringing the instant motion. Dennis Finnegan, the third-party witness in question, responds that he has produced all documents responsive to the subpoena, and asks to recover the costs of opposing the instant motion. Both sides also seek sanctions. This order sets a deadline for Finnegan to certify completion of his document production and declines to award any fees, costs, or sanctions. Counsel, however, are warned that they must make concerted efforts to comply with their professional obligations and to avoid further communication failures.

## STATEMENT

The parties agree to the following facts. Plaintiff Marco Ramirez filed this action in June 2010, alleging that his employment as a deputy probation officer was wrongfully terminated.

Dennis Finnegan is a private investigator who was hired by Ramirez's employer to investigate Ramirez's conduct before the termination. On December 8, 2010, Finnegan accepted service of a subpoena for documents. The compliance due date was January 7, 2011. In December, Finnegan turned over his records to Attorney Stephen Raab, who represents defendants in this action. No documents were timely produced and no objections were timely made in response to the subpoena. Neither Finnegan nor Attorney Raab has provided an explanation for their failure to timely respond to the subpoena. Ramirez filed the instant motion to compel on March 31, and documents responsive to the subpoena were produced one week later. Finnegan states that all documents responsive to the subpoena have been produced (Opp. 3), but Ramirez finds the document production inadequate as to both volume and scope (Reply Br. 4).

During the three months before Ramirez filed the instant motion, his counsel made multiple attempts to elicit a response to the subpoena. On February 9, after the subpoena compliance date had passed, Ramirez's counsel contacted Finnegan, who stated that Attorney Raab was representing him for purposes of the subpoena and that he had turned his documents over to Attorney Raab. On February 9, February 10, and February 24, Ramirez's counsel sent follow-up letters to Finnegan, with copies to Attorney Raab. Ramirez's counsel never contacted Attorney Raab directly regarding the subpoena, and they did not mention the subpoena in their other correspondence with Attorney Raab regarding this action. Ramirez's counsel emphasize that they never received any representation letter or notice of representation from Attorney Raab stating that he represented Finnegan. Neither Finnegan nor his counsel has met and conferred with Ramirez or his counsel regarding the subpoena.

Ramirez seeks an order compelling Finnegan to produce the subpoenaed documents, without objections. He also requests $2,160.00 in costs and attorney's fees incurred bringing the instant motion, plus another $1,402.50 "for attorney's fees of the ethics attorney that Plaintiff was compelled to retain to respond to" the ethical allegations in Finnegan's opposition brief (Reply Br. 4). Ramirez also suggests that the failure of Finnegan and his counsel to timely comply with the subpoena is grounds to hold them in contempt of court.

Finnegan opposes the motion as moot regarding document production and as improper regarding costs and fees. Additionally, Finnegan seeks to recover the attorney's fees and costs *he* incurred in *opposing* the motion. Finnegan also takes the position that Ramirez's counsel should be sanctioned for the ethical breach of continuing to contact Finnegan personally after Finnegan informed them he was represented by counsel.

## ANALYSIS

The briefs submitted on this motion raise three core issues. *First*, Ramirez seeks an order compelling Finnegan to produce the documents that were requested by the December 8 subpoena. Finnegan claims that he has produced all responsive documents, but Ramirez is skeptical. On the current record, this order will not decide whether to bless Finnegan's document production as adequate. Instead, Finnegan shall be required to certify under oath without equivocation that his document production in response to the subpoena is complete by **APRIL 29, 2011**. If necessary, Finnegan may supplement his document production before so certifying.

*Second*, both sides seek to recover the fees and costs they incurred engaging in the instant motion practice. This order finds that these expenditures could have been avoided by better communication and that both sides are at fault for the communication failure. Accordingly, each side shall bear its own costs and fees related to the instant motion.

*Third*, both sides invite sanctions to be visited upon their opponents. This order declines the invitation. Harassing a represented party and wilfully ignoring a subpoena both are serious lapses. The current record, however, does not support a finding that the conduct on either side rose to a level that would warrant sanctions. Instead, a mutual communication failure and perhaps sloppiness seem to have been at play. Counsel are warned that going forward they must make concerted efforts to communicate properly and to comply with all professional obligations.

## CONCLUSION

Plaintiff's motion to compel Dennis Finnegan to comply with the December 8 subpoena is **GRANTED IN PART AND DENIED IN PART** as follows. By **APRIL 29, 2011**, Dennis Finnegan shall certify under oath without equivocation that his document production in response to the subpoena is complete. If necessary, Finnegan may supplement his document production before so

certifying. Both sides' requests to recover attorney's fees and costs related to the instant motion are **DENIED**. No sanctions will be imposed at this time, but counsel are warned to be mindful of their professional obligations and to be sensible about communicating with one another in the future. The hearing set for April 28, 2011, is **VACATED**.

**IT IS SO ORDERED.**

Dated: April 20, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4