# Brown | Poore LLP

ATTORNEYS AT LAW

2200 Powell Street, Suite 745
Emeryville, California 94608
Tel: (510) 923-6280
Fax: (510) 923-6285

August 19, 2011

**VIA ELECTRONIC FILING**

Hon. Joseph C. Spero, U.S. Magistrate Judge
United States District Court, Northern District
450 Golden Gate Ave.
San Francisco, California 94102

    Re:    *Ramirez v. County of Marin*, 3:10-cv-02889-WHA

Dear Judge Spero:

    Plaintiff Marco Ramirez submits this letter brief seeking a protective order against Defendants' counsel, Stephen Raab, to prohibit him from engaging in speaking objections during the remaining depositions in this case, and prohibit him from continuing to engage in inappropriate and harassing conduct that has interrupted the most recent deposition of Nicki Kuhn, a former Director at the Probation Department. Given that this is now the second time that Plaintiff has had to suspend a deposition to seek such affirmative relief, Plaintiff further requests permission to file an appropriate Motion for Sanctions and/or Reimbursement Costs.

    On August 5, 2011, this Court held a hearing on (1) Plaintiff's request for a protective order against Defendants' counsel, Mr. Raab, for his harassing conduct during the deposition of the Plaintiff, and (2) Plaintiff's request for an order compelling the depositions of Nicki Kuhn and Dennis Finnegan. (Doc. No. 34.) The Court granted the requests. The Court issued a protective order that prohibited Mr. Raab from continuing to engage in inappropriate questioning of the Plaintiff, and prohibited him from engaging in harassing conduct towards the Plaintiff's counsel. The Court further ordered that the depositions of Nicki Kuhn and Dennis Finnegan be completed no later than August 19, 2011. The Court set a time limit of two hours for Ms. Kuhn's deposition. (*See* Doc. No. 48 [A true and correct copy of the reporter's transcript is attached as Exhibit A.].)

    Most significantly, during the hearing, the Court warned the attorneys on the record to not engage in any inappropriate speaking objections or instructions that would interrupt the deposition process. The Court stated:

> Just a little more guidance on depositions: No instructions not to answer, except on attorney/client privilege. You know the rule. If there is a harassing question—I am sure there will not be any. Those are the two major rules.

> *Obviously, objections to form, only. Okay. So, that's that one.*

(*See* **Ex. A**, Reporter's Transcript, p. 11:9-15 [emphasis added].)

On August 18, 2011, Plaintiff started the deposition of Nicki Kuhn, the former Director of Juvenile Services for the County of Marin. Despite the Court's clear instructions at the hearing, Mr. Raab interrupted the deposition process with speaking objections and statements on the record within a matter of minutes, including statements like, "asked and answered", "misstates prior testimony", "assumes facts", "calls for a legal conclusion", "calls for speculation", "lacks foundation", "leading question", "ambiguous", and "vague". Not surprisingly, when such speaking objections as "vague" and "lacks foundation" were made, the deponent took the cue from her counsel and stated, "Well, I mean, it is so vague that if they had – they were expected to be in the field." (Ex. B, Deposition Transcript, Nicki Kuhn, p. 10:4-5.)

After approximately 20 minutes of testimony, Plaintiff's counsel asked Ms. Kuhn when it was that she became aware that Plaintiff was going to file a lawsuit against the County. Ms. Kuhn denied having any such knowledge before she retired in 2010. Ms. Kuhn admitted in deposition that she never searched any of her email in response to any discovery requests (which did ask for such email), and never changed any of her document retention and destruction practices with respect to this case at any time before she retired in 2010. Plaintiff's counsel then asked the following questions, which resulted in a string of speaking objections and interrupting statements on the record:

Q: Does Exhibit 1 refresh your memory at all about when it was that you became aware that Marco was going to file a lawsuit against the County?

A: Well, it –

MR RAAB: Objection. Misstates the email. Misstates prior testimony and misleading question.

*****

Q: After Mr. Daly sent this email, did you contact him to ask him anything about Ramirez filing a lawsuit?

MR. RAAB: Objection. Misleading question. Unfair characterization. Misstates prior testimony.

*****

Q: Certainly after you received this email in July 2nd of 2008, did you change any of your practices with respect to saving emails or any other documents that pertained to Mr. Ramirez?

      MR. RAAB: Objection. Misleading question. Unfair characterization. Misstating prior testimony. Assumes facts not in evidence. You know, this line of questioning is very inappropriate because the lawsuit wasn't filed until 2010. So representing to the witness that the lawsuit was filed in 2008 is extremely inappropriate.

(*See* **Ex. B**, Kuhn Deposition, pp. 21:3-26:12.)

    At that point, we asked Mr. Raab to limit his objections to the form. In response, Mr. Raab continued with his tirades, "And you need to stop making these false questions and these false premises." (Ex. B, Kuhn Deposition, p. 26:24-26.) At that point, we suspended the deposition to seek a protective order. The immediate suspension was warranted given (1) the limited amount of time that we have to complete Ms. Kuhn's deposition (i.e. two hours), and the need to have little or no interruptions that would impact the available time, and (2) despite clear warnings, Mr. Raab's inappropriate behavior is continuing unabated.

    Federal Rule of Civil Procedure 30 permits any deponent or party to seek a protective order "on the ground that it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party." Fed. R. Civ. Proc. 30(d)(3)(A). When faced with such conduct, the appropriate remedy is to terminate the deposition and seek a protective order. *Redwood v. Dobson,* 476 F.3d 462, 468-469 (7th Cir. 2007).

    In this case, Plaintiff has no choice but to seek yet another protective order against Mr. Raab. Mr. Raab's conduct in the deposition was inappropriate, harassing, or annoying. Less than two weeks before this deposition, the Court gave a clear warning to the parties to not engage in this type of deposition conduct. The Court expressly instructed the parties to limit the objection to form only. There is no justification for objecting on the grounds of "misleading question" or "unfair characterization" or "misstates prior testimony". There is also no legitimate basis for making statements on the record to coach the witness about when a lawsuit was filed. Mr. Raab's conduct simply has to stop.

    Accordingly, we seek a protective order that limits these speaking objections and interruptions, and we further request permission to file an appropriate Motion for Sanctions and/or Reimbursement Costs.

    Respectfully submitted,

Dated: 8/22/11

Very truly yours,

BROWN POORE LLP

David M. Poore
Counsel for Plaintiff, Marco Ramirez

DMP/jh

Enclosures: Exhibits A and B (as referenced herein)

[DENIED — Judge Joseph C. Spero, United States District Court, Northern District of California]