IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MARCO RAMIREZ,

    Plaintiff,

v.

COUNTY OF MARIN,

    Defendant.

No. C 10-02889 WHA

**TENTATIVE ORDER RESOLVING PENDING MOTIONS *IN LIMINE***

    In light of the recent continuances, this tentative order provides guidance for the parties as they prepare for the final pretrial conference (on November 24) and trial (on February 2, 2015).

\*                  \*                  \*

    In essence, plaintiff, a former deputy probation officer for Marin County, argues that he was terminated in retaliation for making safety complaints, testifying before a civil grand jury investigating safety concerns, and filing a complaint regarding overtime pay. The County argues that plaintiff was terminated for alleged misconduct. This is not a race or gender case.

    An October 2011 order granted summary judgment for defendants. Our court of appeals affirmed in part and reversed in part. All that remains are plaintiff Marco Ramirez's retaliation claim under California Labor Code Section 6310 and termination-based retaliation claim under the FLSA, 29 U.S.C. 215(a)(3).

**PLAINTIFF'S MIL NO. 1.**

    Mr. Ramirez moves to exclude: (1) the report by Dennis Finnegan and (2) the Skelly termination notice sent to plaintiff, as inadmissible hearsay. In 2008, the County hired Mr. Finnegan to investigate whether plaintiff violated the department's policies and procedures.

Based on interviews, documents, and data from a GPS tracking device in the County's vehicle, Mr. Finnegan concluded that plaintiff lied to his supervisor and the investigator. The entire report spans hundred of pages with voluminous exhibits. It recounts interviews with third parties, "findings of fact," and a hodgepodge of other documents. Mr. Ramirez argues that the termination notice "copied and pasted" portions of the Finnegan report.

The County argues that Mr. Finnegan's findings and opinions fall within Rule 803(8) as a public record. The County further argues that the third-party statements are not being introduced for the truth but to demonstrate the County's state of mind when terminating Mr. Ramirez.

Mr. Ramirez's motion *in limine* number 1 is **GRANTED IN PART AND DENIED IN PART**. The Finnegan report and termination notice cannot be mentioned in the presence of the jury unless and until the County has established through an appropriate County witness that the report was actually *read and relied upon* by a decision-maker in deciding to terminate plaintiff. Only the portions of the report read and relied upon by a decision-maker will come into evidence with the following caveat which will be explained to the jury. That is, the portions read and relied upon by the decision-maker are proffered not for their truth but for the purpose of providing the information available to the County at the time it decided to terminate plaintiff. In that connection, if the County did not read and rely upon certain pages in the voluminous exhibits to the report, those pages cannot come into evidence for this purpose. This ruling is without prejudice to specific Rule 403 objections timely raised at trial. The public record exception is rejected. This is not a public record within the meaning of the rule.

Nine days after Mr. Ramirez served his motion, he served a tardy "supplement" arguing that the report should be excluded because it was prepared in "anticipation of litigation." This objection is **OVERRULED**. Not only is this objection untimely but it lacks merit. So long as the report was read and relied upon in deciding to terminate plaintiff, it is of little moment whether it was also prepared in "anticipation of litigation" — assuming *arguendo* that is even true, which the County does not concede. This order is also without prejudice to the possibility that portions of the report excluded via the foregoing may prove admissible as "after-acquired" evidence of wrongdoing.

**PLAINTIFF'S MIL NO. 2.**

Mr. Ramirez moves to exclude any evidence of GPS "tracking" information, including findings pertaining to plaintiff's whereabouts. He argues that there is no evidence that the GPS was reliable.

Mr. Ramirez's motion *in limine* number 2 is **GRANTED IN PART AND DENIED IN PART**. Before the GPS evidence can be tendered, the proponent of the evidence must establish proper preliminary proof in the presence of the jury demonstrating foundation for its reliability. If this has been done to the satisfaction of the Court, then the proponent can proceed to explain the results of the data. Again, it must be shown that the decision-maker read and relied upon the information. (Possibly it could also add up as after-acquired evidence.)

**PLAINTIFF'S MIL NO. 3.**

Mr. Ramirez moves to preclude lay opinion that he was a "liar" or was "lying" during the Finnegan investigation.

Mr. Ramirez's motion *in limine* number 3 is **DENIED**. Again, if the portions of the Finnegan report referring to "lying" were read and relied upon in connection with the decision to terminate plaintiff, those portions can be admitted with the caveat stated above. It is important to note, however, that the extent to which Dennis Finnegan can testify at the behest of the County is not yet clear. The heart of the dispute pertains to what the County read and relied upon when deciding to terminate Mr. Ramirez, not necessarily after-acquired evidence.

\*         \*         \*

**DEFENDANT'S MIL NO. 1.**

The County moves to preclude "Plaintiff or any of his witnesses who lack firsthand knowledge from testifying, or otherwise making any statements, either directly or indirectly, regarding Bryan Lambert's separation from the County." Mr. Lambert was plaintiff's former probation supervisor in 2008 and allegedly provided plaintiff improper instructions leading to plaintiff's termination. Mr. Lambert was allegedly "allowed to retire."

The County's motion *in limine* number 1 is **GRANTED IN PART AND DENIED IN PART**. Mr. Lambert's name may come up at trial since he was plaintiff's direct supervisor. Nevertheless,

1 until further order, neither side shall bring up Mr. Lambert's *separation* from the County. This
2 ruling may be subject to change if the defense somehow puts Mr. Lambert's separation at issue or
3 it becomes otherwise relevant. That testimony must be through a witness with personal
4 knowledge of the separation. In this connection, although the issue may not be reached, the Court
5 may overrule the objection under Penal Code 832.7.

**DEFENDANT'S MIL NO. 2.**

The County moves to preclude testimony and evidence regarding "discrimination lawsuit[s] and/or complaints" filed by Lori Marziano, Lonnie Morris, Simone Rivers, and Kathleen Paulsen. Mr. Ramirez argues that he "does not intend to introduce into evidence any of these other discrimination lawsuits" but opposes precluding testimony and evidence of "other retaliatory interactions or complaints that these employees may have had in the workplace." Mr. Ramirez intends to proffer testimony and evidence showing a "pattern and practice of retaliation and abusive conduct against deputy probation officers and other department employees that challenged the practices of the department, or made internal complaints in the workplace."

The County's motion *in limine* number 2 is **GRANTED IN PART AND DENIED IN PART** under Rule 403. Testimony and evidence regarding discrimination lawsuits filed by Lori Marziano, Lonnie Morris, Simone Rivers, and Kathleen Paulsen are hereby **EXCLUDED**, with the possible exception that if a jury verdict or court order have previously found retaliation against a County employee by anyone in the chain of command in plaintiff's department for making a complaint about officer safety, then the Court will consider allowing that into evidence. Otherwise, this case will devolve into a series of trials within a trial. Also, if the defense opens the door to otherwise excluded evidence, then the defense has no one to blame but itself.

**DEFENDANT'S MIL NO. 3.**

The County moves to preclude testimony and evidence regarding the "dismissed causes of action," namely the allegations of discrimination and retaliation on the basis of race and national origin. Plaintiff argues that there is "cross-over evidence."

The County's motion *in limine* number 3 is **GRANTED IN PART AND DENIED IN PART**. The fact that other claims now dismissed were brought against the County shall not be referenced

4

before the jury without prior permission from the Court. This, however, does not preclude plaintiff from proffering facts that were relevant to the dismissed claims *so long as they are also relevant and admissible as to the remaining claims*.

**DEFENDANT'S MIL NO. 4.**

The County seeks to limit plaintiff's testimony and evidence to "the facts Plaintiff set forth in his response to Interrogatories Nos. 6 and 16" regarding the triable claims.

The County's motion *in limine* number 4 is **DENIED**. Although the Court enforces the disclosure and discovery rules, in the absence of identification of specific items of evidence, the Court is unwilling to grant a blanket preclusion order of the type sought by the County.

**DEFENDANT'S MIL NO. 5.**

The County seeks to preclude plaintiff from introducing into evidence a Marin County Civil Grand Jury document, dated June 1, 2009, titled "Marin's Probation Department: Too many lawsuits, too little training" under relevance and Rule 403. No hearsay objection was raised in the motion.

The County's motion *in limine* number 5 is **GRANTED**. To the extent the item is relevant, its probative value is substantially outweighed by the danger of unfair prejudice. For example, the document refers to "[s]erious morale problems," "a disproportionate number of lawsuits against the Probation Department," "an abusive management style," and a "litigious culture." If, however, the defense opens the door to this evidence, it will sail in.

\*           \*           \*

This is a tentative order and may be subject to modification at the final pretrial conference on November 24.

Dated: November 12, 2014.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

5