IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MARCO RAMIREZ,

    Plaintiff,

  v.

COUNTY OF MARIN,

    Defendant.

No. C 10-02889 WHA

**COURT'S PROPOSED CHARGE TO THE JURY AND SPECIAL VERDICT FORM**

Appended hereto are copies of the draft charge to the jury and special verdict form given to both sides on **FEBRUARY 4**, for discussion with the Court at the charging conference on **FEBRUARY 5, 2015 AT 1:30 P.M.** Although counsel have filed numerous waves of overlapping and even contradictory proposed instructions in the past, the proposed charge is based on the way the trial has actually developed, taking into account issues that have emerged and receded and concessions by counsel. Subject to the upcoming charging conference, the Court believes the proposed charge adequately and fairly covers all issues actually still in play. Therefore, in order to give the district judge a fair opportunity to correct any error as matters now stand, counsel must, at the charging conference, bring to the judge's attention any addition, subtraction or modification or other objections or proposal for the jury instructions. Otherwise, all such points shall be deemed waived and it will not be sufficient merely to argue after the verdict that a proposed instruction filed earlier in the proceedings somehow was not adopted. Rather, any such proposal that counsel still cares about must be raised anew at the charging conference. The charging conference shall be conducted so as to give a full and fair opportunity for counsel to raise any and all objections and proposals.

United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MARCO RAMIREZ,

    Plaintiff,

  v.

COUNTY OF MARIN,

    Defendant.

                               /

No. C 10-02889 WHA

**[DRAFT]**
**FINAL CHARGE TO THE JURY**
**AND SPECIAL VERDICT FORM**

2

1.

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case. A copy of these instructions will be available in the jury room for you to consult as necessary.

It is your duty to find the facts from all the evidence in the case. To those facts, you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. You must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath promising to do so at the beginning of the case. In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions or into anything the Court may have said or done as suggesting what verdict you should return — that is a matter entirely up to you.

2.

The evidence from which you are to decide what the facts are consists of:

1. The sworn testimony of witnesses, on both direct and cross-examination, regardless of who called the witness;
2. The exhibits which have been received into evidence;
3. The sworn testimony of witnesses in depositions, read into evidence;
4. Any facts to which the lawyers have stipulated. You must treat any stipulated facts as having been conclusively proved. This includes the timeline of events set forth on the posterboard, which will be sent to the jury room for your consideration; and
5. The recordings you have heard in open court.

3.

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned-on garden hose, may explain the presence of water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence. You should base your decision on all of the evidence regardless of which party presented it.

4.

In reaching your verdict, you may consider only the types of evidence I have described. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1. Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2. A suggestion in a question by counsel or the Court is not evidence unless it is adopted by the answer. A question by itself is not evidence. Consider it only to the extent it is adopted by the answer.

|   |   |
|---|---|
| 3. | Objections by lawyers are not evidence.  Lawyers have a duty to their clients to consider objecting when they believe a question is improper under the rules of evidence.  You should not be influenced by any question, objection or the Court's ruling on it. |
| 4. | Testimony or exhibits that have been excluded or stricken, or that you have been instructed to disregard, are not evidence and must not be considered.  In addition, some testimony and exhibits have been received only for a limited purpose; where I have given a limiting instruction, you must follow it. |
| 5. | Anything you may have seen or heard when the Court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial. |

5.

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it or none of it.  In considering the testimony of any witness, you may take into account:

1. The opportunity and ability of the witness to see or hear or know the things testified to;
2. The witness' memory;
3. The witness' manner while testifying;
4. The witness' interest in the outcome of the case and any bias or prejudice;
5. Whether other evidence contradicted the witness' testimony;
6. The reasonableness of the witness' testimony in light of all the evidence; and

5

7. Any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. Nor does it depend on which side called witnesses or produced evidence. You should base your decision on all of the evidence regardless of which party presented it.

6.

You are not required to decide any issue according to the testimony of a number of witnesses, which does not convince you, as against the testimony of a smaller number or other evidence, which is more convincing to you. The testimony of one witness worthy of belief is sufficient to prove any fact. This does not mean that you are free to disregard the testimony of any witness merely from caprice or prejudice, or from a desire to favor either side. It does mean that you must not decide anything by simply counting the number of witnesses who have testified on the opposing sides. The test is not the number of witnesses but the convincing force of the evidence.

7.

A witness may be discredited or impeached by contradictory evidence or by evidence that, at some other time, the witness has said or done something or has failed to say or do something that is inconsistent with the witness' present testimony. If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, you think it deserves.

8.

Discrepancies in a witness' testimony or between a witness' testimony and that of other witnesses do not necessarily mean that such witness should be discredited. Inability to recall and innocent misrecollection are common. Two persons witnessing an incident or a transaction sometimes will see or hear it differently. Whether a discrepancy pertains to an important matter or only to something trivial should be considered by you.

However, a witness willfully false in one part of his or her testimony is to be distrusted in others. You may reject the entire testimony of a witness who willfully has testified falsely on a material point, unless, from all the evidence, you believe that the probability of truth favors his or her testimony in other particulars.

9.

In determining what inferences to draw from evidence you may consider, among other things, a party's failure to explain or deny such evidence.

10.

In these instructions, I will often refer to a party's "burden of proof." Let me explain what that means. When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true. To put it differently, if you were to put the evidence favoring a plaintiff and the evidence favoring a defendant on opposite sides of a scale, the party with the burden of proof on the issue would have to make the scale tip somewhat toward its side. If the party fails to meet this burden, then the party with the burden of proof loses on that issue. Preponderance of the evidence basically means "more likely than not."

After weighing all of the evidence, if you cannot decide that something is more likely to be true than not true, you must conclude that the party with the burden of proof did not prove it. You should consider all the evidence, no matter which party produced the evidence.

11.

I will now turn to the law that applies to this case. Plaintiff Marco Ramirez asserts two claims for relief against the County of Marin, one claim under federal law and one claim under California state law, both alleging retaliation for engaging in specific activities protected under the law.

7

12.

*First*, plaintiff alleges that he was terminated in retaliation for participating in a federal wage-and-hour action.  Plaintiff had the right to join in the federal overtime lawsuit but time spent by him on that case, including attending hearings, had to be done on personal time, not company time.

To establish a Section 215 claim under the Fair Labor Standards Act, plaintiff has the burden of proving each of the following elements by a preponderance of the evidence:

1. That plaintiff engaged in or was engaging in an activity protected by the Fair Labor Standards Act — namely, that he filed a consent-to-join form in an overtime lawsuit and/or assisted with the overtime lawsuit;

2. That defendant then subjected plaintiff to an adverse employment action — namely, that plaintiff was terminated; and

3. That the protected activity plaintiff engaged in — here, participation in the overtime lawsuit — was a substantial motivating reason for the adverse employment action.

If you find that plaintiff has failed to prove any of these elements, your verdict must be for defendant.  If plaintiff has proven all three of these elements, plaintiff is entitled to your verdict, unless defendant has proven by a preponderance of the evidence that it would have made the same decision even if plaintiff's participation in the protected activity had played no role in the adverse employment action.  In that event, your verdict must be for defendant on this claim.

8

13.

*Second*, plaintiff alleges that he was terminated for making complaints about employee safety. This contention arises under California state law, not federal law, but both types of claims may be brought in our federal court.

To establish a Section 6310 claim under the California Labor Code, plaintiff has the burden of proving each of the following elements by a preponderance of the evidence:

1. That plaintiff engaged in or was engaging in an activity protected by California's Occupational Safety and Health Act in good faith — namely, that plaintiff made a *bona fide* oral or written complaint about unsafe working conditions or the defendant's work practices;

2. That defendant then subjected plaintiff to an adverse employment action — namely, that plaintiff was terminated; and

3. That the protected activity plaintiff engaged in — here, complaining about employee safety — was a substantial motivating reason for the adverse employment action.

If you find that plaintiff has failed to prove any of these elements, your verdict must be for defendant. If plaintiff has proven all three of these elements, plaintiff is entitled to your verdict, unless defendant has proven by a preponderance of the evidence that it would have made the same decision even if plaintiff's participation in the protected activity had played no role in the adverse employment action. In that event, your verdict must be for defendant on this claim.

14.

In this case, there is also an issue concerning satisfaction of an administrative claims requirement under state law. This question concerns only the California Labor Code claim. The special verdict form will include a special interrogatory that will ask you to make a specific finding as to whether plaintiff has satisfied this requirement in the event that you find for

9

plaintiff on the California Labor Code claim. I will now explain the law that pertains to this requirement. California law requires that plaintiff prove by a preponderance of the evidence that a "claim" was delivered to or actually received by the clerk, secretary, auditor, or board of the County of Marin within six months of the termination, that is, on or before August 28, 2009. Again, this requirement applies to the Section 6310 claim only.

The administrative "claim" must have included plaintiff's name, his address, the date, the place where the events which gave rise to the claim occurred, and a general description of the injury or loss so far as it may be known at the time of presentation of the claim. If the claim was presented to the clerk, secretary, auditor, or board, it will suffice if plaintiff proves by a preponderance of the evidence that he "substantially complied" with the contents of the claim requirement, meaning that plaintiff provided defendant timely notice of the nature of the claim so that defendant could investigate it.

15.

Stepping back and to be clear, there is no claim in this case for race discrimination or gender discrimination or unfair treatment. Nor is there any claim for retaliation for having complained about race or gender discrimination. The only two claims made and the only two claims for you to decide are wrongful termination by reason of retaliation for (1) participating in an overtime action or (2) making an oral or written complaint about employee safety in good faith.

If plaintiff fails to prove either of these two retaliation claims (or defendant proves it would have made the same decision anyway), you must decide for defendant even if you feel plaintiff was otherwise treated unfairly. If, on the other hand, plaintiff does prove one or both of the two retaliation claims (and defendant fails to prove it would have made the same decision to terminate plaintiff anyway), you must decide for plaintiff even if you otherwise feel plaintiff deserved to be terminated.

16.

You have heard evidence about rudeness, pettiness, insensitivity, and/or unfairness in the workplace. There is no claim for liability in this case for rudeness, pettiness, insensitivity,

10

or unfairness. Nor is there any claim based on the dress code, interdepartmental transfer, departmental discipline, or a drug investigation. You may consider such evidence only insofar as you find it tends to prove or disprove the specific retaliation claims in this case or bears upon the credibility of the witnesses.

17.

If you find that the County decision-makers terminated plaintiff for legitimate reasons, based on an honest belief in the reasons, it does not matter that some of the information relied on turns out to be inaccurate or questionable. On the other hand, in deciding whether or not the reasons for the termination were the alleged retaliatory reasons, you may consider whether or not inaccuracies and discrepancies in the information and findings show that the stated reasons were a pretext.

In this connection, I have allowed you to hear what would ordinarily be hearsay for the sole purpose of explaining the information available to the witnesses to explain their subsequent conduct. It is important for you to remember and to follow this caveat. Similarly, you have heard reference to Dennis Finnegan's investigation report and his findings. The only portions of his report and findings that you may consider are those you find the County decision-makers read and relied upon before making their decision or recommendation. Moreover, even those portions may only be considered by you to show the information available to the defendant when it made its termination decision; otherwise those exhibits are hearsay and may not be considered for any other purpose. Any portion that you find that was not read and relied upon by the decision-makers before making their decision must be disregarded. If you find that defendant honestly believed the information read and relied upon in the Finnegan report and findings (or other information), it makes no difference whether that information turned out (or did not turn out) to be inaccurate. In other words, an employer is allowed to make termination decisions based upon information it honestly believes is accurate whether or not it later turns out to be inaccurate in some way.

Many exhibits have come into evidence without any caveat and you may consider them for any purpose.

11

18.

You have heard reference to an email, dated July 2, 2008, which is Trial Exhibit 40, stating that plaintiff would be filing a lawsuit. For clarification, I inform you that there is no claim in this case for retaliation for filing or threatening to file the lawsuit referenced in that email. You may consider the email only for whatever light you find it sheds on the specific retaliation claims asserted in this case, as described above.

19.

It is now the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered. As the party seeking damages, plaintiff has the burden of proving damages by a preponderance of the evidence.

20.

Plaintiff seeks economic as well as noneconomic damages. Specifically, plaintiff claims economic damages for lost wages and benefits. Plaintiff also claims noneconomic damages for mental anguish, harm to reputation, and emotional distress. Although plaintiff may seek noneconomic damages as part of his claim under Section 215 of the Fair Labor Standards Act, the law does not permit him to seek such damages, that is, noneconomic damages under Section 6310 of the California Labor Code. In this type of case, only compensatory, not punitive, damages are available.

21.

Plaintiff does not have to prove the exact amount of damages. However, you are not permitted to include speculative damages, which means compensation for future loss or harm which, although possible, is conjectural or not reasonably certain. Your award must be based upon evidence and not upon speculation, guesswork, or conjecture. If you determine that a party is entitled to recover, you should compensate the party for the loss or harm caused by the injury in question which the evidence shows is reasonably certain to be suffered in the future.

22.

There is no fixed standard for deciding the amount of noneconomic damages. You must use your judgment to decide a reasonable amount based on the evidence and your common sense. Furthermore, for any noneconomic damages, please determine the amount in current dollars paid at the time of judgment that will compensate plaintiff for those damages.

23.

Plaintiff had a duty to use reasonable efforts to mitigate damages. To mitigate means to avoid or reduce damages. The defendant has the burden of proving by a preponderance of the evidence:

1. That the plaintiff failed to use reasonable efforts to mitigate damages; and
2. The amount by which damages would have been mitigated.

24.

You must not consider, or include as part of any damages award, attorney's fees or expenses that the parties incurred in bringing or defending this lawsuit.

25.

The law which applies to this case authorizes an award of nominal damages. If you find for the plaintiff on liability but you find that the plaintiff has failed to prove damages as defined in these instructions, you must award nominal damages. Nominal damages may not exceed one dollar.

26.

You have heard reference that plaintiff is seeking reinstatement. This is not an issue for the jury to decide. In deciding the issues of liability and/or damages, you should give no consideration to whether or not defendant should (or should not) be required to reinstate plaintiff.

27.

When you begin your deliberations, you should elect one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict as to each claim and as to damages, if any, must be unanimous. Each of you must

13

decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right. It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

I will give you a special verdict form to guide your deliberations.

28.

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by the notes. When you go into the jury room, the Clerk will bring in to you the trial exhibits received into evidence to be available for your deliberations. The Clerk will also provide you with an index.

29.

As I noted before the trial began, when you retire to the jury room to deliberate, you will have with you the following things:

1. All of the exhibits received into evidence;
2. An index of the exhibits;
3. A work copy of these jury instructions for each of you;
4. A work copy of the verdict form for each of you; and
5. An official verdict form.

When you recess at the end of a day, please place your work materials in the brown envelope provided and cover up any easels with your work notes so that if my staff needs to go into the jury room, they will not even inadvertently see any of your work in progress.

30.

A United States Marshal will be outside the jury-room door during your deliberations. If it becomes necessary during your deliberations to communicate with me, you may send a note through the marshal, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone — including me — how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the Court.

31.

You have been required to be here each day from 7:45 A.M. to 1:00 P.M. Now that you are going to begin your deliberations, however, you are free to modify this schedule within reason. For example, if you wish to continue deliberating in the afternoons after a reasonable lunch break, that is fine. The Court does, however, recommend that you continue to start your deliberations by 8:00 A.M. If you do not reach a verdict by the end of today, then you will resume your deliberations on the next court day and thereafter.

It is very important that you let the Clerk know in advance what hours you will be deliberating so that the lawyers may be present in the courthouse at any time the jury is deliberating.

32.

You may only deliberate when all of you are together. This means, for instance, that in the mornings before everyone has arrived or when someone steps out of the jury room to go to the restroom, you may not discuss the case. As well, the admonition that you are not to speak to anyone outside the jury room about this case still applies during your deliberation.

33.

After you have reached a unanimous agreement on a verdict, your foreperson will fill in, date, and sign the special verdict form and advise the Court that you have reached a verdict. The foreperson should hold onto the filled-in verdict form and bring it into the courtroom when the jury returns the verdict. Thank you for your careful attention. The case is now in your hands. You may now retire to the jury room and begin your deliberations.

Dated:   February 4, 2015.

**DRAFT**
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MARCO RAMIREZ,

    Plaintiff,

  v.

COUNTY OF MARIN,

    Defendant.

                               /

No. C 10-02889 WHA

**[DRAFT]**

**SPECIAL VERDICT FORM**

**YOUR ANSWERS MUST BE UNANIMOUS.**

**Federal Fair Labor Standards Act Section 215**

1. Has plaintiff proven by a preponderance of the evidence that his participation in the federal overtime lawsuit was a substantial motivating reason for his termination?

        Yes _____        No _____

        (For plaintiff)        (For defendant)

If you have answered "Yes," please proceed to Question 2. If you have answered "No," please skip to Question 3.

2. If so, has defendant proven by a preponderance of the evidence that it would have terminated plaintiff anyway (without regard to the federal overtime lawsuit)?

        Yes _____        No _____

        (For defendant)        (For plaintiff)

If you have found for plaintiff on *both* questions above, then you have found liability in favor of plaintiff and against the County under the federal Fair Labor Standards Act. Otherwise, you have found no liability against the County on the federal claim. Regardless, please proceed to Question 3.

**California Labor Code Section 6310**

3. Has plaintiff proven by a preponderance of the evidence that he made a complaint about employee safety in good faith?

        Yes _____        No _____

        (For plaintiff)        (For defendant)

If you have answered "Yes," please proceed to Question 4. If you have answered "No," please skip to Question 5.

4. If so, has defendant proven by a preponderance of the evidence that it would have terminated plaintiff anyway (without regard to any complaint about employee safety)?

        Yes _____        No _____

        (For defendant)        (For plaintiff)

If you have found for plaintiff on Questions 3 and 4, then you have found liability in favor of plaintiff and against the County on the California claim. Otherwise, you have found no liability

against the County on the California claim. If you have found against plaintiff on *both* claims, then you are done; please go to the bottom and sign and date this form. Otherwise, please proceed to Question 5.

**Damages**

5. If you have found any liability against the County on either claim, then what *economic damages* (lost wages and benefits) has plaintiff proven by a preponderance of the evidence?

$ _____

6. If you have found liability under the federal Fair Labor Standards Act (Questions 1 and 2 above), then what *noneconomic damages* (*e.g.*, mental anguish, reputational harm, emotional distress) has plaintiff proven by a preponderance of the evidence?

$ _____

7. State the *total damages* you have found, if any (Total of Nos. 5 and 6).

$ _____

**Special Interrogatory**

If you have found for plaintiff on Questions 3 and 4, meaning that you have found liability in favor of the plaintiff on the California claim (irrespective of whether or not you have found damages), please answer the following special interrogatory:

8. Has plaintiff proven by a preponderance of the evidence that a "written claim" for retaliation was delivered to or actually received by the clerk, secretary, auditor, or board of the County of Marin on or before August 28, 2009, as required by the Government Code, or that he substantially complied with this administrative requirement?

        Yes _____        No _____
        (For plaintiff)        (For defendant)

**PLEASE SIGN AND DATE THIS FORM. THEN CONTACT THE DEPUTY OR MARSHAL TO INFORM HIM OR HER THAT YOU HAVE COMPLETED YOUR DELIBERATIONS.**

Dated: February _____, 2015.

                                            JURY FOREPERSON

3